UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(BROWNSVILLE DIVISION)

| | | |
|---|---|---|
| BALDEMAR ESPINOSA, J.R. PRO-SE PLAINTIFF, | X | |
| V. | X | CIVIL ACTION NUMBER B-96-160 |
| WACKENHUT INC. CORP., WARDEN TONY PEREZ, ASST. WARDEN RODRIGUEZ, ASST. WARDEN MARMALEJO, MEDICAL DEPARTMENT OFFICIALS AND UNIT CLASSIFICATIONS DEPT. OFFICIALS, ET. AL., DEFENDANTS. | X X X | "PENDENT JURISDICT DOCTRINE" |
| "ALL SUED IN INDIVIDUAL AND OFFICIAL CAPACITY." | X X | 8th AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT. |

"PLAINTIFF'S EX-PARTE MOTION FOR CONSIDERATION OF ALL PLEADINGS AND MOTIONS IN SAID CAUSE OF ACTION"

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, BALDEMAR ESPINOSA J.R., PLAINTIFF PRO-SE, IN THE ABOVE STYLED AND NUMBERED CAUSE OF ACTION AND FILES THIS HIS "EX-PARTE MOTION FOR CONSIDERATION OF ALL PLEADINGS AND MOTIONS IN SAID CAUSE OF ACTION" AND MOVES THIS COURT TO CONSIDER ALL PLEADINGS AND MOTIONS HOWEVER INARTFULLY PLED AND FOR GOOD CAUSE WOULD SHOW UNTO THIS COURT THE FOLLOWING:

I.

PLAINTIFF SPECIFICALLY PLEADS AND INVOKES THE PRINCIPLES OF LAW DICTATING THAT PRO-SE PLEADINGS ARE TO BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS, (HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.ED 2d. 652 (1972)). PRO-SE PLEADINGS ARE ALSO TO BE VIEWED WITH LIBERALITY AND PATIENCE, (EUBONKS V. MCCOSTER, 802 F.2d 792, 5th CIR. 1986).

II.

IT IS WELL SETTLED IN THE FIFTH CIRCUIT THAT IN TESTING THE SUFFICIENCY OF A SECTION 1983 COMPLAINT, SUCH COMPLAINT SHOULD NOT BE DENIED UNLESS IT APPEARS THE PLAINTIFF CAN PROVE NO SET OF FACTS WHICH WOULD ENTITLE HIM TO RELIEF, (RICHARDSON V. FLEMING, 651 F.2d 366 5th CIRCUIT 1981); QUOTING CONLEY V. GIBSON 355 U.S. 41, 78 S.CT. 99, 2 F.ED 2.d. 80, 1957).

III.

FURTHERMORE, THE ALLEGATIONS OF THE COMPLAINT, ESPECIALLY THOSE OF A PRO-SE COMPLAINT MUST BE READ IN LIBERAL FASHION AND THEY MUST

BE ACCEPTED AS TRUE IN TESTING THEIR SUFFICIENCY, (CRUZ V. BETO 405 S. CT. 319, 92 S. CT. 1079, 31 F. ED. 2d 652 (1972)).

IV.

MOREOVER, A PRISONER'S PRO-SE COMPLAINT, AS IS INVOLVED IN THE CASE AT HAND, "HOWEVER INARTFULLY PLEADED MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS", AND CAN BE DISMISSED FOR FAILURE TO STATE A CLAIM ONLY IF IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIMS WHICH WOULD ENTITLE HIM TO RELIEF, (ESTELLE V. GAMBLE, 429 U.S. 97, 97 S. CT. 285, 50 F. ED. 2d. 251)(1976). SEE ALSO WILLIAMS V. RHODEN, 629 F. 2d 1099 (5th CIR. 1980); JACKSON V. REESE, 608 F. 2d. 159 (5th CIR. 1979); SLAVIN V. CURRY, 574 F. 2d. 1256 (5th CIR. 1978); CRUZ V. SHELTON, 453 F. 2d 86 (5th CIR. 1976). CERT. DENIED 433 U.S. 911, 97 S. CT. 2980, 53 F. ED. 2d. 1096 (1977). COVINGTON V. COLE, 528 F. 2d. 1365 (5th CIR. 1976).

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THAT THIS HONORABLE COURT CONSIDER ALL PLEADINGS AND MOTIONS, HOWEVER INARTFULLY PLED IN SAID CAUSE OF ACTION FOR THE ABOVE AND FOREGOING REASONS, PLAINTIFF FOREVER PRAYS.

RESPECTFULLY SUBMITTED,

*Baldemar Espinosa Jr.*

BALDEMAR ESPINOSA, JR.
T.D.C.J. # 576926
WILLACY COUNTY UNIT
WACKENHUT CORRECTIONAL FACILITY
1695 BUFFALO DRIVE
RAYMONDVILLE, TEXAS 78580