IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 1996

Michael N. Milby, Clerk

| | |
|---|---|
| BALDEMAR ESPINOSA, JR. § | |
| Plaintiff § | |
| § | |
| VS. § | |
| § | |
| WACKENHUT, INC., CORP., § | CIVIL ACTION B-96-160 |
| WARDEN TONY PEREZ, § | |
| ASST. WARDEN RODRIGUEZ, § | |
| ASST., WARDEN MARMALEJO, § | |
| MEDICAL DEPARTMENT OFFICIAL, § | |
| AND UNIT CLASSIFICATIONS OFFICIAL, § | |
| ET AL § | |
| Defendants | |

## DEFENDANT, WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, ASST. WARDEN RAMON RODRIGUEZ, AND ASST. WARDEN CHARLES MARMALEJO'S ORIGINAL ANSWER AND JURY DEMAND

NOW COME Defendants, WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, ASST. WARDEN RAMON RODRIGUEZ, and ASST. WARDEN CHARLES MARMALEJO herein referred to as ("Wackenhut Defendants"), by and through their attorney, Phillip A. McKinney of the law firm of Porter, Rogers, Dahlman & Gordon, P.C., and file this answer. In support thereof, Defendants would show the following:

1. Pursuant to Rule 8b Federal Rules of Civil Procedure, Wackenhut Defendants deny each and every allegation contained in Plaintiff's complaint except those expressly admitted herein.

2. Wackenhut Defendants admit that portion of Plaintiff's Original Complaint, paragraph I, subparagraph 1, which states that he is an epileptic patient, but deny the rest of paragraph I in its entirety.

3. Wackenhut Defendants admit that part of Plaintiff's paragraph I, subparagraph 2, which states they were aware that he was an epileptic patient, but deny the rest of paragraph I, subparagraph 2 in its entirety.

4. Wackenhut Defendants admit the following portions of Plaintiff's paragraph II:

    a. Plaintiff was released from administrative segregation on July 4, 1996, and placed in the general population; and

    b. Early in the morning of April 5, 1996, Plaintiff was found on the floor of his cell and taken to the medical department where he remained for the duration of the night.

Otherwise, Wackenhut Defendants deny all other allegations of the Defendant in paragraph II.

5. Wackenhut Defendants deny all other Plaintiff's allegations in Paragraph III, IV, and "Attachment § 1993 Pendent [sic] Jurisdiction Doctrine."

## AFFIRMATIVE DEFENSES

6. Defendants Perez, Rodriguez, and Marmalejo state that at all times relevant to the allegations against them they acted in good faith and with reasonable belief that they were in compliance with the laws and the Constitution of the United States and they hereby claim their entitlement to qualified, good faith immunity from suit.

7. To the extent that Plaintiff is raising a supplementary state claim against Defendants Perez, Rodriguez, and Marmalejo, they state that all actions that were taken by them were in good faith and within the scope of their duties and thus are protected under the Doctrine of Quasi Judicial, Official Immunity. They thereby claim their entitlement to this affirmative defense to any and all supplemental state claims brought against them.

2

8.  Wackenhut Defendants state that Plaintiff's amount of recovery, if any, may be barred or limited by theories of comparative responsibility, contributory and comparative negligence, contribution, and/or failure to mitigate.

9.  Defendants state that this Court lacks jurisdiction to hear any claims brought pursuant to the Tex. Civ. Prac. & Rem. Code, § 101.001 *et. seq*. (Texas Tort Claims Act) as the Texas Tort Claims Act sets jurisdiction exclusively in state court. See, e.g., <u>Sherwinski v. Peterson</u>, 98 F.3d 849 (5th Circuit 1996).

10. Defendants Perez, Rodriguez, and Marmalejo state that individuals are not subject to suit under Tex. Civ. Prac. & Rem. Code § 101.001 *et seq*. (Texas Tort Claims Act).

11. Wackenhut Defendants further deny that Plaintiff has a valid claim for negligent infliction of emotional distress or mental anguish.

12. Defendant Wackenhut Corrections Corporation states that it is entitled to soverign immunity, which bars all supplemental state claims brought against it.

13. Defendant Wackenhut Corrections Corporation states that it is entitled to Eleventh Amendment Immunity, which bars all claims brought against it pursuant to 42 U.S.C. § 1983.

14. Wackenhut Defendants also assert that the damages, if any, sustained by the Plaintiff as a result of the alleged indifference to his medical needs did not raise rise to the level necessary to constitute a violation of the Plaintiff's Eighth Amendment rights.

15. Wackenhut Defendants further assert that mere negligence is insufficient to state a cause of action pursuant to 42 U.S.C. § 1983.

## JURY DEMAND

Wackenhut Defendants respectfully request a trial by jury in the foregoing cause of action.

WHEREFORE, PREMISES CONSIDERED, WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, ASST. WARDENS RAMON RODRIGUEZ, and CHARLES MARMALEJO pray that upon hearing of this matter, the Plaintiff take nothing, that Wackenhut Defendants recover their cost in attorney's fees and for such other and further relief as the court may deem just and appropriate.

Respectfully submitted,

By: *Linda M. Kearney*
Phillip A. McKinney, Attorney-in-Charge
Federal I.D. No. 13867
State Bar No. 13723200

Linda M. Kearney
Federal I.D. No. 18425
State Bar No. 00787811

One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(512) 880-5808 - Office
(512) 880-5844 - Fax

ATTORNEYS FOR DEFENDANTS
WACKENHUT CORRECTIONS
CORPORATION, WARDEN TONY PEREZ,
ASST. WARDEN RAMON RODRIGUEZ,
and ASST. WARDEN CHARLES MARMALEJO

OF COUNSEL:

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
P. O. Box 2968
Corpus Christi, Texas 78403-2968
Telephone: (512) 880-5808
Facsimile: (512) 880-5844

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by certified mail return receipt requested in accordance with the F.R.C.P. 5(b), to Mr. Baldemar Espinosa, Jr., Number 576926, Wackenhut Correctional Facility, Willacy County Unit, 1695 Buffalo Drive, Raymondville, Texas 78580 on this 26th day of November, 1996.

*Linda M. Kearney*
LINDA M. KEARNEY

wackenhut\espinosa\answer

| U.S. Department of Just<br>United States Marshals Service | PROCESS RFIPT AND RETURN<br>*See Instructions forervice of Process by the U.S. Marshal*<br>*on the reverse of this form.* | |
|---|---|---|
| PLAINTIFFBALDEMAR ESPINOSA, JR. | COURT CASE NUMBERC.A.B-96-160 | |
| DEFENDANTWACKENHUT INC. CORPORATION, ET. AL., | TYPE OF PROCESS | |

SERVE → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
WILLACY COUNTY UNIT, WACKENHUT CORRECTIONAL FACILITY

AT ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1695 BUFFALO DRIVE, RAYMONDVILLE, TEXAS 78580

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

BALDEMAR ESPINOSA, JR. #576926
WILLACY COUNTY UNIT
1695 BUFFALO DRIVE
RAYMONDVILLE, TEXAS 78580

Number of process to be served with this Form — United States District Court, Southern District of Texas FILED NOV 21 1996 Michael N. Milby, Clerk

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

PHONE NO. # (210) 689-4900

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT
PRO-SE

TELEPHONE NUMBER | DATE

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt... | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 6 | No. 79 | No. 79 | | |

I hereby certify and return that I ☐ have personally served, ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

| Date of Service | Time | |
|---|---|---|
| 11/8/96 | 4:10 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| $240.00 | $28.52 | 0 | $268.52 | | | |

REMARKS:
5 Summons Served
1 Summons Returned Unexecuted
92 miles X 31¢ = $28.52 (Travel)

PRIOR EDITIONS MAY BE USED1. CLERK OF THE COURTFORM USM-285 (Rev. 12/15/80)