15

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 07 1997

Michael N. Milby, Clerk

| | | |
|---|---|---|
| BALDEMAR ESPINOSA, JR. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WACKENHUT, INC., CORP., | § | CIVIL ACTION B-96-160 |
| WARDEN TONY PEREZ, | § | |
| ASST. WARDEN RODRIGUEZ, | § | |
| ASST., WARDEN MARMALEJO, | § | |
| MEDICAL DEPARTMENT OFFICIAL, | § | |
| AND UNIT CLASSIFICATIONS OFFICIAL, | § | |
| ET AL | | |
|     Defendants | | |

### DEFENDANT, WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, ASST. WARDEN RAMON RODRIGUEZ, AND ASST. WARDEN CHARLES MARMALEJO'S RESPONSE TO THE PLAINTIFF'S MOTION FOR ASSIGNMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, ASST. WARDEN RAMON RODRIGUEZ, and ASST. WARDEN CHARLES MARMALEJO (herein also referred to as "Wackenhut Defendants"), by and through their attorney, Phillip A. McKinney of the law firm of Porter, Rogers, Dahlman & Gordon, P.C., and file their Response to the Plaintiff's Motion for Assignment of Counsel. In support thereof, Defendants would show the following:

I.

STATEMENT OF THE CASE

1.    This is a civil rights suit against several Wackenhut employees as well as unnamed "Medical Department Officials and Unit Classification Officials" which was filed by an inmate

who was incarcerated in the Willacy County Unit. The Plaintiff is currently proceeding *pro se* and *in forma pauperis*. Plaintiff alleges Defendants Perez, Rodriguez, and Marmalejo deprived him of his First, Fourth, Eighth, Ninth and Fourteenth Amendments rights by allegedly disregarding his medical needs and placing him in a cell where he was required to sleep on a top bunk despite medical requirements that he be restricted to a lower bunk because he suffers from epilepsy.

2. During the course of this case Plaintiff filed a Motion for Appointment of Counsel filed on December 20, 1996. Defendants oppose that motion since none of the issues raised in this case are novel or complex and the Plaintiff has amply demonstrated his ability to represent himself in this matter. This case is not currently set for trial.

II.

ARGUMENT

3. An inmate has the constitutional right to hire an attorney, but there is not an automatic right to court-appointed counsel in civil rights cases. *Culpit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Pursuant to 28 U.S.C. § 1915(d) a court may appoint counsel to represent a litigant or appellant proceeding *in forma pauperis* in a civil action, if the court finds that the case presents "exceptional circumstances." *Santana v. Chandler*, 961 F.2d 514, 515 (5th Cir. 1992); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer*, 691 F.2d at 212. The decision to appoint counsel is based on many factors, including: (I) the type and complexity of the case; (ii) the petitioner's ability to adequately present and investigate his case; (iii) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination, and (iv) the likelihood

that appointment of counsel will benefit the petitioner, the court, and the Defendants by "shortening the trial and assisting in a just determination." *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992); *Cooper*, 929 F. 2d at 1984; *Ulmer*, 691 F.2d at 213.

    4.    This is not an exceptional case. The issues presented by Plaintiff are neither novel nor complex. The Plaintiff, through the filing of his pleadings, motions and responses with this Court, has demonstrated his ability to understand the legal process and to pursue and present his case *pro se*. Based on Plaintiff's demonstrated abilities, Defendants do not believe that appointing counsel will aid in a just resolution of this case.

WHEREFORE PREMISES CONSIDERED, Defendants WACKENHUT CORRECTIONS CORPORATION, WARDEN TONY PEREZ, and ASST. WARDENS RAMON RODRIGUEZ CHARLES MARMOLEJO pray that this Court deny Plaintiff's Motion for Appointment of Counsel.

Respectfully submitted,

By: _____
Phillip A. McKinney, Attorney-in-Charge
Federal I.D. No. 13867
State Bar No. 13723200

Linda M. Kearney
Federal I.D. No. 18425
State Bar No. 00787811

One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(512) 880-5808 - Office
(512) 880-5844 - Fax

        ATTORNEYS FOR DEFENDANTS
        WACKENHUT CORRECTIONS
        CORPORATION, WARDEN TONY PEREZ,
        ASST. WARDEN RAMON RODRIGUEZ,
        and ASST. WARDEN CHARLES MARMALEJO

OF COUNSEL:
**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
P. O. Box 2968
Corpus Christi, Texas 78403-2968
Telephone: (512) 880-5808
Facsimile: (512) 880-5844

4

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by certified mail return receipt requested in accordance with the F.R.C.P. 5(b), to Mr. Baldemar Espinosa, Jr., T.D.C.J. - I.D. Number 576926, Dalhart Unit, HCR 4, Box 4000, Dalhart, Texas 79022 on this the 2nd day of January, 1996.

_____
PHILLIP A. McKINNEY

wackenhut\espinosa\respmtn.aoc