United States District Court
Southern District of Texas
FILED
DEC 16 1997
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BALDEMAR ESPINOSA, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WACKENHUT INC. CORP., WARDEN | § | B - 96 - 160 |
| TONY PEREZ, ASST. WARDEN | § | |
| RODRIGUES, ASST. WARDEN | § | |
| MARMALEJO, MEDICAL DEPARTMENT | § | |
| OFFICIALS and UNIT CLASSIFICATIONS | § | |
| OFFICIALS | | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **BALDEMAR ESPINOSA, JR.**, Plaintiff in the above styled and numbered action, and files this his Plaintiff's First Amended Original Complaint complaining of Defendants Wackenhut Corrections Corporation, Warden Tony Perez, Assistant Warden Ramon Rodriguez, and Assistant Warden Charles Marmalejo, as well as Defendants' Medical Department Officials and Unit Classification Department Officials, and would respectfully show unto the Court the following:

## I.

## **PARTIES**

1.01  Plaintiff is an individual presently incarcerated at the French Robertson Unit, in Abilene, Taylor County, Texas.

2.01  Defendant Wackenhut Corrections Corporation is a company doing business in Willacy County, Texas, where Plaintiff's cause of action arose.  This Defendant may be served through service of process on his attorney of record, Phillip A. McKinney, P.O. Box 2968, Corpus Christi, Texas 78403-2968.  This Defendant has previously been served and has appeared herein.

3.01  Defendant Warden Tony Perez may be served by serving his attorney of record, Phillip A. McKinney, P.O. Box 2968, Corpus Christi, Texas 78403-2968.  This Defendant has been served and has appeared herein.

4.01  Assistant Warden Ramon Rodriguez may be served by serving his attorney of record, Phillip A. McKinney, P.O. Box 2968, Corpus Christi, Texas 78403-2968.  This Defendant has been served and has appeared herein.

5.01  Assistant Warden Charles Marmalejo may be served by serving his attorney of record, Phillip A. McKinney, P.O. Box 2968, Corpus Christi, Texas 78403-2968.  This Defendant has been served and has appeared herein.

## II.

## JURISDICTION AND VENUE

6.01   This Court has jurisdiction of the parties and of the causes of action raised herein pursuant to 28 U.S.C. §§1331 & 1343 and pursuant to 42 U.S.C. §1983, the Eight and Fourteenth Amendments to the United States Constitution, and under the Doctrine of Pendent or Supplemental Jurisdiction.  This Court has venue of this action because the cause of action arose in Willacy County, Texas and the Defendants have waived any objection to venue herein.

## III.

## FACTUAL BACKGROUND

7.01   This lawsuit arises out of an incident which occurred in the early morning hours of July 5, 1996, in which Plaintiff Baldemar Espinosa, Jr., an epileptic patient, while asleep, fell from his bunk and went into a preventable seizure in which he fell to, and repeatedly banged his head on, the concrete floor.

8.01   The Defendants intentional and negligent actions resulted in temporary and permanent physical and emotional trauma to Plaintiff.

9.01    The Defendants herein and other officers of Willacy County Unit, Wackenhut Corrections Corporation, were fully aware of Plaintiff's medical needs but willfully, wantonly, and in bad faith, and with deliberate indifference to Plaintiff's serious medical needs, ignored Plaintiff's epileptic medical condition and restrictions.  The Defendants actions constituted intentional infliction of emotional distress and mental anguish, and cruel and unusual punishment in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

10.01    On July 4, 1996, Baldemar Espinosa, Jr. was being released from administrative segregation and was told by officers Rocha and Cavazos that his new housing assignment would be Housing Block 1, Dorm B, Bunk No. 13.  Plaintiff at this time informed these officers of his medical condition, partial seizures with tonic/clonic muscular activity and his "lower bunk" restriction which restricted the Plaintiff to be assigned only to a "bottom bunk" for health and safety precautionary reasons.  These officers stated that they would have to check into this with the Unit Classification and Medical Departments.  Shift change occurred and Officer Gonzalez came on duty but was apparently never informed of this situation.  Upon being released, Plaintiff once again notified Defendants of his bunk assignment and expressed his concerns, but was told by Officer Gonzalez to go straight to the Medical Department and inform them.  Upon having done so, Plaintiff was told by Officer Wassen that he would need to submit a written request.  Plaintiff never received any type of medical screening or exam upon re-entering the general population.

11.01 Upon returning to his new assignment, Plaintiff informed Officer Whitley, who was working the housing picket area on this night in question, of his situation and after a telephone conversation, Officer Whitley stated that Plaintiff would have to submit a request for a bottom bunk. Plaintiff not being able to take any further action to secure a bottom bunk, retired for the evening in the top bunk to which he was assigned.

12.01 At approximately 1:00 a.m. on July 5, 1996, Plaintiff Baldemar Espinosa, Jr., while asleep, fell from his bunk and went into a seizure, as a result of which he suffered physical and emotional trauma. Correctional Officer Morales, Lieutenant Barrientos and Sergeant Pruneda assisted Mr. and Mrs. Clark (nurses) in transporting Plaintiff to the Medical Department where he was detained overnight and awoke the next morning in considerable pain to his head, back and shoulder.

13.01 The Defendants herein were negligent and deliberately indifferent to Plaintiff's serious medical condition and needs, constituting a reckless disregard to Plaintiffs safety and constitutional rights. Defendants' actions were not objectively reasonable and resulted in intentional, unnecessary and wanton infliction of pain and suffering to Plaintiff.

14.01 The placing of Plaintiff, an epileptic, in such a dangerous situation caused the infliction of needless pain and suffering and placed his health at grave risk. Defendants' actions were pointlessly cruel and did not serve any "penalogic purposes." Defendants were either deliberate indifferent to Plaintiff's clearly established Constitutional rights of which a reasonable person should have known or consciously intended to punish the Plaintiff, for which he now sues.

## IV.

## CIVIL RIGHTS ACT

15.01   Plaintiff is entitled to all the rights and benefits provided by the Constitution of the United States, including the provision that no cruel or unusual punishment being inflicted upon him.  The actions of Defendants in denying Plaintiff adequate medical treatment, including the failure to provide him with a lower bunk and other assurances to prevent unnecessary injury that could be reasonably anticipated particularly because Defendants were specifically notified of this need, as well as the failure to properly train prison guards to recognize and provide adequate safeguards to protect Plaintiff's medical needs, constitutes a violation of the Eight and Fourteenth Amendments to the United States Constitution, for which Plaintiff now brings this action pursuant to 42 U.S.C. §§1981 & 1983.  All of the acts complained of were committed by Defendants in their individual and official or representative capacities, and they are all liable jointly and severally for such actions.

## V.

## NEGLIGENCE

16.01   The actions described above resulted in injuries and damages suffered by Plaintiff, which were proximately caused by the negligent conduct of Defendants as described above.  Defendants are jointly and severally liable for their negligent actions, and this Court has pendent jurisdiction to enter judgment thereon.

## VI.

## DAMAGES AND RELIEF REQUESTED

17.01 As a direct and proximate cause of the wrongful conduct of Defendants described above, Plaintiff has suffered injuries, including mental anguish, loss of enjoyment of life, physical pain and suffering, loss of good time benefits, and other such damages for which he now seeks relief. Plaintiff seeks all damages allowed by 42 U.S.C. §§1981 & 1983 and the common law of the State of Texas. Plaintiff has no other adequate or complete remedy at law to redress the wrongs alleged herein, and therefore also seeks declaratory and injunctive relief as a means of securing adequate relief. Plaintiff requests that the Court issue a declaratory judgment that the Defendants' acts, policies, practices and procedures complained of herein violated his rights pursuant to 42 U.S.C. §§1981 & 1983, the Eight and Fourteenth Amendments to the United States Constitution, and the common law of the State of Texas. Plaintiff further requests a permanent injunction enjoining Defendants, their officers, employees, agents and all persons acting in concert with Defendants, from any further violations of 42 U.S.C. §§1981 & 1983, the Eight and Fourteenth Amendments to the United States Constitution and the common-law of the State of Texas. Plaintiff also requests an award of all compensatory damages to which he is entitled, for which he now sues.

18.01   Plaintiff would further show that the actions of the Defendants herein were of such an egregious quality and were conducted with a degree of actual malice or with such reckless and wanton disregard for the rights of Plaintiff, including a conscious and deliberate disregard for his rights, that an award of punitive damages is warranted for which he now sues.

19.01   Plaintiff further requests prejudgment and post judgment interest, at the maximum rates allowed by law, as well as his expenses, costs, and all reasonable and necessary attorney's fees incurred, pursuant to 42 U.S.C. §1988 and the common-law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Baldemar Espinosa, Jr. respectfully requests that the Court set this case for trial at its earliest possible date, and upon such hearing and trial herein, that the Court enter judgment awarding Plaintiff the damages and relief requested herein and for such other and further relief to which Plaintiff may establish himself to be entitled, at law or in equity.

Signed on this the 16th day of December, 1997.

Respectfully submitted,

LAW OFFICE
J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile : (956) 504-1408

By: _____
J. Arnold Aguilar
Federal Adm. No. 6822

Attorney for Plaintiff,
BALDEMAR ESPINOSA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S FIRST AMENDED ORIGINAL ANSWER** has on this the 16th day of December, 1997, been forwarded via certified mail, return receipt requested to:

Mr. Phillip A. McKinney
PORTER, ROGERS, DAHLMAN & GORDON, P.C.
800 N. Shoreline, Suite 800
P. O. Box 2968
Corpus Christi, TX 78403-2968

_____
J. Arnold Aguilar