IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 2 5 2000

Clerk of Court

| | | |
|---|---|---|
| BALDEMAR ESPINOSA, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WACKENHUT INC. CORP., WARDEN | § | B - 96 - 160 |
| TONY PEREZ, ASST. WARDEN | § | |
| RODRIGUES, ASST. WARDEN | § | |
| MARMALEJO, MEDICAL DEPARTMENT | § | |
| OFFICIALS and UNIT CLASSIFICATIONS | § | |
| OFFICIALS | § | |

## AFFIDAVIT FOR BALDEMAR ESPINOSA, JR.

STATE OF TEXAS                    §
                                  §
COUNTY OF __TRAVIS__              §

BEFORE ME, the undersigned official, on this day appeared **BALDEMAR ESPINOSA, JR.**, who is personally known to me, and first being duly sworn according to law upon his oath deposes and says:

My name is Baldemar Espinosa, Jr. I am over 18 years of age and I am competent to make this affidavit. I have personal knowledge of the following facts, and they are all true and correct.

I am the Plaintiff in Civil Action No. B-96-160, styled *Baldemar Espinosa, Jr. vs. Wackenhut Inc. Corp., et seq.*, pending in the United States District Court for the Southern District of Texas, Brownsville Division. This lawsuit arose as a result of Defendants' inadequate medical treatment of me, and in particular their refusing to provide me with a lower bunk bed, in spite of my explaining to them and their knowledge that I had epilepsy and that assignment to an upper bunk could cause me the injuries that I in fact suffered. I was first diagnosed with epilepsy in 1989. Defendants have been aware that I had epilepsy and was restricted to a lower bunk since at least 1995.

      Attached hereto as Exhibit A-1 is a copy of the grievance I filed on June 20, 1996, where I was complaining about the medical department's lack of concern for my medical needs by failing to maintain my Phenobarbital mediation necessary to control my epilepsy. I was told that the department had run out of my medication and that I would have to wait until it was reordered. I was specifically concerned about the medical department's deliberate indifference to my concerns. As set out in Exhibit A-1, Warden Tony Perez told me on July 1, 1996, that my request did not meet the criteria for an emergency grievance and it would be processed as a regular grievance. When I again complained on June 25, 1996, that I was not receiving my medication, Warden Tony Perez only responded on July 1 that my complaint had been noted and assurances would be made that I receive my medication. Exhibit A-2.

      Attached hereto are the following documents restricting me to a lower bunk assignment:

| | |
|---|---|
| Exhibit A-3: | 12/18/95 handwritten Health Summary for Classification; |
| Exhibit A-4: | 12/18/95 computerized Health Summary for Classification; |
| Exhibit A-5: | 1/10/96 computerized Health Summary for Classification; |
| Exhibit A-6: | 6/3/96 computerized Health Summary for Classification; |
| Exhibit A-7: | 7/5/96 Inter-Office Communication transferring me out of the Medical Infirmary; and, |
| Exhibit A-8: | 7/5/96 Inter-Office Communication from Medical Department. |

Because of my epilepsy, I had always been assigned to a lower bunk, to prevent any injury, or worsening of any injury, should I have a seizure and fall out of my bunk.

      On July 4, 1996, I was taken to my cell and assigned a top bunk. At that time, I told Officers Bernardo Rocha and Irma Cavazos that I could not accept a top bunk because of my medical condition of epilepsy. I told them that I was restricted to a bottom bunk for health and safety reasons. These officers told me they would call Medical Classifications and make the necessary change. After nothing was done for a while, I notified Officer Rocha again of my need for a bottom bunk, but again he did nothing. At approximately 2:00 o'clock p.m., after the shift changed, Officer Armando Gonzalez came on duty. Officer Gonzalez was already aware that I was epileptic. Officer Gonzalez sent me to the Medical Department and told me to talk to them. When I arrived at the Medical Department, I was told by Officer William Wassen that I needed to request a lower bunk, but I explained to him that that information was already in the

file. Officer Wassen took no further action to assure that I was given a bottom bunk. I then returned to my cell.

When I got to my cell, I told the officer on duty, Whitley, that I did not want to accept this bunk assignment, but he told me that if I did not accept the assignment, a disciplinary action would be filed against me for refusing it. I asked Whitley to call someone to check again, which he did, but when he returned he told me that I would have to submit a request on an I-60 Form. That evening, when I went to get my medication from Sgt. Guadalupe Pruneda, I again mentioned my need for a bottom bunk, but he told me it was now too late to do anything.

At about 10:00 o'clock p.m. there was another shift change, and Officer Miguel Morales took over for Officer Whitley. At about that time, he told me to get in bed in the top bunk, which I did, and I fell asleep.

That night, at approximately 1:00 o'clock a.m., I apparently had a seizure and fell to the floor from the top bunk. Although I do not remember the actual seizure, I remember thinking I would die because the nurses were taking too long to arrive. I remember my arms were cold and I felt like I couldn't get blood to them. The next day, the doctor did a quick evaluation of me and he told me I was fine and that I would get a bunk change in two (2) weeks.

When I was returned to my cell again, with a top bunk assignment, I refused my housing. Because I refused that housing, I was placed in Administrative Segregation. When I got out of Administrative Segregation, I was again assigned to a cell with a top bunk. I again complained to the officers, who called the Warden, and I was finally given a lower bunk.

Although I had had some prior back problems and headaches prior to my injuries on 7/5/96, since that time my headaches have been bigger or worse, my lower back hurts where it didn't before, I cannot sit down for long periods of time, it hurts to bend over, and my right shoulder now pops and hurts. I did not have any of these problems, or not to this extent, before my fall from the top bunk on 7/5/96.

After this fall, I continued going to the infirmary for treatment for my back pain and headaches. Attached hereto as Exhibits A-9 through A-15 are copies of the following medical requests:

    Exhibit A-9:        7/17/96 complaint for back pain and headaches;

    Exhibit A-10:      7/23/96 complaint that tests have not yet been done;

    Exhibit A-11:      8/26/96 complaint of right arm and back pain and headaches;

| | |
|---|---|
| Exhibit A-12: | 9/2/96 complaint of right arm and back pain and headaches; |
| Exhibit A-13: | 10/1/96 complaint of headaches and back and shoulder problems; |
| Exhibit A-14: | 10/7/96 complaint of right arm pain; and, |
| Exhibit A-15: | 10/14/96 complaint of right arm pain. |

The pain in my right shoulder and back, as well as my headaches, continue to this day.

Copies of each of the documents referenced herein and attached hereto as Exhibits A-1 through A-15 are true and correct copies of the originals, or are copies that I was provided by Defendants.

Further affiant sayeth not.

_____
Baldemar Espinosa, Jr.


SUBSCRIBED AND SWORN TO BEFORE ME on the 12th day of April, 2000, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

W R. SIEVERS
Notary Public, State of Texas
My Commission Expires 09-22-01

My Commission Expires:

9-22-2001